248 April 1, 2026 No. 265

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. T.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. W. E. T.,
*Appellant.*

Clackamas County Circuit Court
23JU00444; A187956

Cody M. Weston, Judge.

Submitted February 18, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sean Connor, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Father appeals from a judgment establishing a general guardianship under ORS 419B.366 over his child, R. Father raises two assignments of error in a combined argument. He contends that the juvenile court erred when it ruled that R could not safely return to father's care within a reasonable time and therefore also erred when it established a general guardianship over R. In father's view, the juvenile court found that the Oregon Department of Human Services (ODHS) had not met its burden to show that a general guardianship was appropriate and, despite that finding, erroneously granted the general guardianship. ODHS argues that evidence in the record supports the juvenile court's determination that R could not be safely returned to father's care in a reasonable time and that, in context, the juvenile court did not actually conclude that ODHS had failed to meet its burden.[1] After reviewing the record, we conclude that (1) there is sufficient evidence supporting the juvenile court's finding that R could not be returned to father within a reasonable time and (2) that the juvenile court determined that ODHS had met its burden to show that the statutory factors to grant a general guardianship were met.

"We review the juvenile court's legal conclusions for errors of law but are bound by its findings of historical fact if there is any evidence in the record to support them." *Dept. of Human Services v. N. B.*, 344 Or App 124, 126, 579 P3d 778 (2025), *rev den*, 374 Or 698 (2026) (internal quotation marks and brackets omitted). After a hearing, the juvenile court may grant a motion for a general guardianship if the moving party, here ODHS, shows that:

"(a)  The ward cannot safely return to a parent within a reasonable time;[2]

---

[1] The juvenile court, appearing to think out loud, stated that it did not want to "kick the can" on a permanency decision for R and explained that *if* it had intended to "sort of kick the can, the way to do it would be to just deny it and say[,] [']I just I don't, I'm not convinced that the, the State has met its burden here.['] And then the parties can figure out what happens next. *** I am going to rule *** either denying or granting [the motion for guardianship]."

[2] "'Reasonable time' is 'a period of time that is reasonable given a child or ward's emotional and developmental needs and ability to form and maintain lasting attachments.'" *N. B.*, 344 Or App at 128; *see also* ORS 419A.004(27) (defining "reasonable time").

"(b)   Adoption is not an appropriate plan for the ward;

"(c)   The proposed guardian is suitable to meet the needs of the ward and is willing to accept the duties and authority of a guardian; and

"(d)   Guardianship is in the ward's best interests. In determining whether guardianship is in the ward's best interests, the court shall consider the ward's wishes."

ORS 419B.366(6). ODHS must prove those elements by a preponderance of evidence. ORS 419B.366(2).

Father has a lengthy history of criminal conduct, including domestic violence, and substance abuse. The record reflects that father had attended treatment before and had a history of relapses after treatment. At the time of the hearing, R had been living with her maternal grandparents for two years. Father had been out of jail for less than three months and out of inpatient drug treatment for less than two months. He was currently undergoing outpatient treatment and was less than halfway through the program. Father testified that he was "not ready right now" to have R return to his care and that he thought that ODHS's continued involvement was in R's best interest.

The juvenile court acknowledged that father had made recent progress with his sobriety and told him its decision was a "closer call" as to father because he was "doing all the right things." The juvenile court also noted that R might, in the future, be able to safely return to father in a reasonable time if father continued to make progress in substance abuse treatment and domestic violence treatment. In making that observation, the juvenile court made statements that father takes out of context to argue that the juvenile court found that ODHS had not met its burden of proof. Those statements were not findings by the juvenile court but rather an expression of what might occur in the future and the juvenile court's way of encouraging father to stay engaged in treatment. The juvenile court concluded that it could not, "based on the track record of [father's] criminal history, *** feel comfortable saying that *** [R] can safely return within a reasonable time[.]" We conclude that the record supports the juvenile court's determination, and it did not err when it determined that R could not be safely

returned in a reasonable time to father and that ODHS had met its burden to show that a general guardianship was in R's best interest.

Affirmed.